IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| J.Y.,[1]<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Civil No. 20-9894 (RMB)<br><br>**MEMORANDUM ORDER** |

**RENÉE MARIE BUMB, Chief United States District Judge**

      Attorney Adrienne Freya Jarvis, Esq., moves for attorney's fees under Section 406(b) of the Social Security Act, 42 U.S.C. § 406(b), based on a contingent-fee arrangement between her and Social Security claimant, Plaintiff J.Y. For representing her in the Social Security matter, Plaintiff agreed that Jarvis would receive 25% of any past due disability benefits award that the Commissioner of the Social Security Administration (the "Commissioner") doled out to her. The Commissioner having awarded Plaintiff $89,973 in past due disability benefits, Jarvis now seeks $22,493.25 in attorney's fees from the award, or 25% thereof. For the reasons that follow, the Court will **GRANT** Jarvis's fee application.[2]

---

[1] Due to the significant privacy concerns in Social Security cases, any non-governmental party will be identified and referenced solely by initials in opinions issued in Social Security cases in the United States District Court for the District of New Jersey. *See* D.N.J. Standing Order 2021-10.

[2] In granting Jarvis's Amended Motion for Attorney's Fees, [Docket No. 21], the Court will **DENY AS MOOT** the original Motion for Attorney's Fees, [Docket No. 20].

I.     BACKGROUND

According to their contingent-fee agreement, Plaintiff agreed to pay Jarvis the greater of 25% of a past due disability benefits award or an Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, award as compensation for representing her in federal court on her Social Security appeal. [Docket No. 22-1.] Thereupon, in 2020, Jarvis filed a Social Security appeal in this Court seeking to overturn the Commissioner's denial of Plaintiff's application for disability benefits. [Docket No. 1.] Jarvis retained the services of another attorney, Eric Schnaufer, Esq., to assist with the appeal. [Docket No. 22-4, ¶ 5 ("Schnaufer Decl.").] After reviewing the papers, including the moving and reply briefs filed by Jarvis, this Court vacated the Commissioner's decision and remanded the case for more administrative proceedings. [Docket Nos. 13, 15–17.] Jarvis and the Commissioner then stipulated to an EAJA award of $5,530.85 in attorney's fees. [Docket No. 18.] The Court entered the consent order awarding Jarvis said amount under the EAJA. [Docket No. 19.]

On remand, in 2025, the Commissioner found Plaintiff disabled, and awarded her $89,973 in past due disability benefits. [Docket No. 22, at 2 ("Jarvis Br.").] The Commissioner is withholding $22,493.25 of this award, which represents Jarvis's 25% share. [Docket No. 22-2, at 4.] Jarvis now seeks a fee award for that amount based on her contingent-fee agreement with Plaintiff. [Docket No. 21.] Jarvis spent 6.1 hours and Schnaufer 20 hours working on Plaintiff's Social Security appeal, totaling 26.1 hours. [Docket No. 22-3, ¶ 18 ("Jarvis Decl."); Schnaufer Decl. ¶ 6.] While neither Jarvis nor Schnaufer have a non-contingent hourly rate for Social Security matters, their typical hourly rate is about $500 per hour. [Jarvis Decl. ¶ 11 ($525 per hour); Schnaufer Decl. ¶¶ 3–4 ($485 per hour).] Jarvis contends the $22,493.25 in attorney's fees is reasonable given the time counsel spent on the

2

appeal, the risk of non-recovery, and the favorable result counsel obtained for Plaintiff before this Court and on remand. [Jarvis Br., at 7–10.] Jarvis also notes that the requested fee award is in line with those previously awarded by this Court. [*Id.*, at 10 (collecting cases).] The Commissioner neither supports nor opposes Jarvis's Amended Motion For Attorney's Fees. [Docket No. 24, at 1.]

## II.   STANDARD OF REVIEW

The Social Security Act allows an attorney to have a contingent-fee arrangement with a Social Security claimant under which the attorney receives a percentage of the benefits award. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (explaining the Act "does not displace contingent-fee agreements"). Section 406(b) of the Act provides:

> Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b). "Contingent fee arrangements are 'the primary means by which fees are set for successfully representing Social Security benefits claimants in court.'" *Laurice A.H. v. Kijakazi*, 2023 WL 8237336, at *2 (D.N.J. Nov. 28, 2023) (quoting *Gisbrecht*, 535 U.S. at 807). By Section 406(b)'s plain terms, contingent-fee arrangements providing for fees beyond 25% of past due benefits are "unenforceable." *Gisbrecht*, 535 U.S. at 807.

While Congress permits contingent-fee arrangements in the Social Security realm, courts must police those agreements to ensure they are reasonable. *Id.* ("[Section] 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). In so doing, courts look to "the experience of counsel, the nature of contingent fees and the risk of non-recovery, counsel's typical hourly

rate, the EAJA fee previously requested, and whether the attorney is responsible for any unreasonable delays in the proceeding." *Leak v. Comm'r of Soc. Sec.*, 2017 WL 5513191, at *1 (D.N.J. Nov. 17, 2017). "Courts should [also] consider the nature and length of the professional relationship with the claimant—including any representation at the agency level[.]" *Fields v. Kijakazi*, 24 F.4th 845, 855 (2d Cir. 2022). "While § 406(b) fees compensate counsel for court-related work, consideration of 'the time spent and work performed by counsel on the case when it was pending at the agency level' can inform a district court's understanding of 'the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court.'" *Id.* (quoting *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)). And courts must never forget "the primacy of lawful attorney-client fee agreements." *Acosta v. Comm'r of Soc. Sec.*, 2022 WL 1598947, at *1 (3d Cir. May 20, 2022) (quoting *Gisbrecht*, 535 U.S. at 793).

Courts can reduce "an attorney's recovery based on the character of the representation and the results the representative achieved," or "[i]f the attorney is responsible for delay." *Gisbrecht*, 535 U.S. at 808. Courts will also reduce a fee award when "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* Put differently, courts will reduce a fee award to prevent windfalls to attorneys. *Id.* In evaluating fee applications, courts have struggled to determine what constitutes a windfall to attorneys. *See Arnold v. O'Malley*, 106 F.4th 595, 600–01 (7th Cir. 2024); *accord Fields*, 24 F.4th at 853–54. The windfall analysis is not "a way of reintroducing the lodestar method" to determine whether a fee under § 406(b) is reasonable. *Fields*, 24 F.4th at 854. Because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* Finally, if the attorney has received a fee award under the EAJA, the attorney must refund that award to

4

the Social Security claimant. *Gisbrecht*, 535 U.S. at 796 (alteration in original) (internal citation omitted) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'").

## III.  DISCUSSION

Against this backdrop, the Court turns to Jarvis's fee application. The Court considers first her relevant legal experience. *See Leak*, 2017 WL 5513191, at *1. Jarvis has substantial experience handling Social Security matters, having represented approximately 4,100 claimants in more than 2,500 administrative hearings in three decades of practice. [Jarvis Decl. ¶¶ 5–7.] Schnaufer also has substantial experience litigating Social Security matters. [Schnaufer Decl. ¶ 2.]

Next, the Court considers Jarvis's hourly rate and the nature of the contingent fees sought. *Leak*, 2017 WL 5513191, at *1. Jarvis seeks $22,493.25 in attorney's fees from Plaintiff's $89,973 past due disability benefits award, which constitutes 25% of the award. [Jarvis Br., at 6.] Under the contingent-fee agreement, Plaintiff agreed to pay Jarvis 25% from any past due disability benefits award as compensation for representing her in the Social Security appeal. [Docket No. 22-1.] Jarvis spent a total of 26.1 hours on Plaintiff's Social Security appeal, which computes to an hourly rate of $861.81. [Jarvis Br., at 9.] Courts in this District have found similar imputed hourly rates reasonable under the circumstances. *See Wells v. Comm'r of Soc. Sec.*, 2024 WL 447768, at *1–*2 (D.N.J. Feb. 6, 2024) (approving imputed hourly rate of $1,056.34); *Gonzalez v. Comm'r of Soc. Sec.*, 2017 WL 6513349, at *2–*3 n.3 (D.N.J. Dec. 19, 2017) (approving imputed hourly rate of $992.82); *cf. Leak*, 2017 WL

5513191, at *1–*2 (finding fee award of over $28,000 reasonable where attorney imputed hourly rate of $745.24); *Amy P. v. Colvin*, 2024 WL 5264247, at *1 (D.N.J. Dec. 30, 2024) (finding contingent-fee award of $47,800.75 and imputed hourly rate of $531.20 per hour reasonable). This Court has reviewed the briefs Jarvis filed on Plaintiff's behalf seeking to overturn the Commissioner's decision denying Plaintiff disability benefits. [Docket Nos. 13, 15.] This Court found Jarvis's arguments persuasive, resulting in a remand order and, ultimately, a finding of disability and an award of $89,973 in past due disability benefits after about five years of litigation. [Docket Nos. 16, 22-2; Jarvis Br., at 2.] Given the circumstances of this case and the issues raised in the appeal, the Court finds the sought after contingent fee is reasonable.

Moreover, there was a high risk of non-recovery. When Plaintiff filed this Social Security appeal, the Commissioner had an average award rate of 33.2%. Soc. Sec. Admin., Annual Statistical Report on the Social Security Disability Insurance Program, 2024, at 160 (December 2025). In light of this figure, Plaintiff's recovery was far from certain. Further, there is no evidence before the Court that Jarvis caused any delay to increase her fees. In fact, based on the docket, Jarvis acted swiftly for her client, achieving a favorable result in this Court and before the agency on remand. And neither the Commissioner nor Plaintiff have objected to Jarvis's fee application.

Because of Jarvis's experience, standard hourly rate, labor expended, and risk of non-recovery, the Court finds reasonable the $22,493.25 requested fee. *See Curry v. Comm'r of Soc. Sec.*, 2023 WL 6533443, at *1–*2 (D.N.J. Oct. 6, 2023) (finding $30,735.75 fee reasonable where counsel certified to working a total of 28.7 hours in federal court). Jarvis, as she

recognizes, must remit the $5,530.85 EAJA award she received from Plaintiff. *Gisbrecht*, 535 U.S. at 796; [Jarvis Br., at 10.]

## IV. CONCLUSION

For the above reasons, and for good cause shown,

**IT IS**, on this **5th** day of **February 2026**, hereby:

1. **ORDERED** that Counsel Adrienne Freya Jarvis's Motion for Attorney's Fees under Section 406(b) of the Social Security Act, [Docket No. 20], is **DENIED AS MOOT**; and it is further

2. **ORDERED** that Counsel Adrienne Freya Jarvis's Amended Motion for Attorney's Fees under Section 406(b) of the Social Security Act, [Docket No.21], is **GRANTED**; and it is further

3. **ORDERED** that Counsel Adrienne Freya Jarvis shall remit to Plaintiff J.Y. the $5,530.85 awarded under the EAJA by this Court's previous order, [Docket No. 19]; and it is finally

4. **ORDERED** that Counsel Adrienne Freya Jarvis shall be awarded $22,493.25 in attorney's fees from Plaintiff J.Y.'s past due disability benefits award.

/s/ Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge